Ryan G. Baker (Bar No. 214036)
  rbaker@waymakerlaw.com
Teresa L. Huggins (Bar No. 263257)
  thuggins@waymakerlaw.com
Jose R. Nuño (Bar No. 312832)
  jnuno@waymakerlaw.com
WAYMAKER LLP
515 S. Flower Street, Suite 3500
Los Angeles, California 90071
Telephone: (424) 652-7800
Facsimile:  (424) 652-7850

*Attorneys for Defendant*
*Sunnova Energy Corporation*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LUIS ACEVEDO,<br><br>               Plaintiff,<br><br>       v.<br><br>SUNNOVA ENERGY<br>CORPORATION; and DOES 1<br>through 20, inclusive,<br><br>               Defendant. | Case No. 5:23-cv-02436-MRA-DTBx<br><br>**REPLY IN SUPPORT OF<br>DEFENDANT SUNNOVA ENERGY<br>CORPORATION'S MOTION TO<br>DISMISS THE FIRST AMENDED<br>COMPLAINT PURSUANT TO<br>FEDERAL RULE OF CIVIL<br>PROCEDURE 12(b)(6)**<br><br>The Honorable Mónica Ramírez<br>Almadani<br><br>Complaint Filed: November 30, 2023<br><br>Hearing:  April 11, 2024<br>Time:  1:30 p.m. |

# **TABLE OF CONTENTS**

I.  INTRODUCTION ...................................................................................... 1

II. ARGUMENT ............................................................................................. 2

    A.  The Fraudulent Concealment Claim Fails (First Cause of Action) ........... 2

        1.  No Authorization is Alleged ............................................................ 3

            a.  The Fact That Kuubix Sold Sunnova Products Is Not Sufficient to Allege an Agency Relationship .......................... 3

            b.  Plaintiff Fails To Allege That Mostafa or Kuubix Acted Within the Scope of Their Alleged Authorization ................ 6

        2.  No Ratification Is Alleged ............................................................... 7

    B.  The Negligence Claim (Second Cause of Action) Is Also Deficient .......... 9

    C.  Plaintiff Fails to State a CLRA Claim (Third Cause of Action)................. 9

    D.  The FCRA Claim Fails (Fourth Cause of Action) .................................... 10

    E.  The Rosenthal Act Claim Is Too Conclusory To Survive a Motion to Dismiss (Fifth Cause of Action) ............................................................ 12

    F.  Plaintiff's HSSA Claim Fails (Sixth Cause of Action)............................. 13

    G.  Plaintiff Fails to State a Claim under Business and Professions Code § 7150, *et seq*. (Seventh Cause of Action) .................................................... 14

    H.  Plaintiff Fails to State a Claim Under the UCL, Bus. & Prof. Code § 17200, *et seq*. (Eighth Cause of Action) .................................................. 15

III. CONCLUSION ......................................................................................... 15

# TABLE OF AUTHORITIES

**Cases**

*Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt., Inc.,*
  744 F.3d 595 (9th Cir. 2014) ........................................................................ 3

*Allen v. Dollar Tree Stores, Inc.,*
  475 F. App'x. 159 (9th Cir. 2012) .........................................................passim

*Alvarez v. Felker Mfg. Co.,*
  230 Cal. App. 2d 987 (1964) ........................................................................ 4

*Ashcroft v. Iqbal,*
  566 U.S. 662 (2009).............................................................................. 13, 14

*Brown v. Rouse,*
  104 Cal. 672 (1894) ..................................................................................... 9

*Certain Underwriters at Lloyd's London v. ConAgra Grocery Products Co., LLC,*
  77 Cal. App. 5th 729 (2022) ......................................................................... 6

*Danfer-Klaben v. JPMorgan Chase Bank, N.A.,*
  No. SACV 21-262 PSG (JDEx),
  2022 WL 3012528 (C.D. Cal. Jan. 24, 2022)....................................... 11, 12

*Gallagher v. Cal. Pacific Title & Trust Co.,*
  13 Cal. App. 2d 482 (1939) ......................................................................... 8

*Graham v. Sunnova Energy Int'l, Inc.,*
  No. 1:22-cv-0622 JLT BAM,
  2024 WL 871858 (E.D. Cal. Feb. 28, 2024) .............................................. 11

*Helber v. Nationwide Credit, Inc.,*
  No. SACV 09-1394 AG (ANx),
  2010 WL 11595725 (C.D. Cal. Mar. 4, 2010) ............................................ 13

*Hospitality Marketing Concepts, LLC v. Six Continents Hotels, Inc.,*
  No. SACV 15–01791 JVS (DFMx),
  2016 WL 9045621 (C.D. Cal. Jan. 28, 2016).............................................. 2

*Industrial Indem. Co. v. Golden State Co.,*
  117 Cal. App. 2d 519 (1953) ....................................................................... 7

*Kristensen v. Credit Payment Servs. Inc.,*
  879 F.3d 1010 (9th Cir. 2018) ..................................................................... 7

*Leap Imports LLC v. Anker Innovations, Ltd.,*
  No. 2:20-cv-03598-SVW-AS,
  2020 WL 13281783 (C.D. Cal. Aug. 14, 2020) ........................................... 8

*Makreas v. Moore L. Group, A.P.C.,*
  No. C-11-2406 MMC,
  2012 WL 359710 (N.D. Cal. Feb. 2, 2012)................................................. 4

ii

*Michelson v. Hamada,*
  29 Cal. App. 4th 1566 (1994) ........................................................... 5

*Miller v. Sawant,*
  18 F. 4th 328 (9th Cir. 2021) ............................................................ 5

*Miyayama v. Burke,*
  No. 2:20-cv-01683-DJA,
  2022 WL 1665211 (D. Nev. May 25, 2022) ..................................... 5

*Murphy v. DirecTV, Inc.,*
  724 F.3d 1218 (9th Cir. 2013) .......................................................... 4

*Nayab v. Cap. One Bank (USA), N.A.,*
  942 F.3d 480 (9th Cir. 2019) ................................................. 10, 11, 12

*Phleger v. Countrywide Home Loans,*
  No. C 07–01686 SBA,
  2009 WL 537189 (2009) ................................................................... 7

*Pluto Sama Holdings, Inc. v. Jagex Ltd.,*
  No. SACV 21-133 JVS (JDEx),
  2022 WL 1536590 (C.D. Cal. Jan. 12, 2022) ................................... 7

*Reusche v. Cal. Pacific Title Ins. Co.,*
  231 Cal. App. 2d 731, 737 (1965) .................................................... 8

*Rogers v. Postmates, Inc.,*
  No. 19-cv-05619-TSH,
  2020 WL 3869191 (N.D. Cal. July 9, 2020) ..................................... 4

*Sandry v. First Franklin Financial Corp.,*
  No. 1:10–cv–01923–OWW–SKO,
  2011 WL 202285 (E.D. Cal. 2011) ................................................... 9

*Stone v. Friedman,*
  No. CV 22-2486-JFW (ASx),
  2022 WL 3012213 (C.D. Cal. May 27, 2022) ................................ 4, 5

*Townsend v. Chase Bank,*
  No. SACV08-00527 AG (ANx),
  2009 WL 426393 (C.D. Cal. Feb. 15, 2009) ................................ 12, 13

*UFCW & Employers Benefit Trust v. Sutter Health,*
  241 Cal. App. 4th 909 (2015) ........................................................... 7

*United States v. Graf,*
  610 F.3d 1148 (9th Cir. 2010) ........................................................ 15

*Varela v. Wells Fargo Home Mortg.,*
  No. C–12–3502 KAW,
  2012 WL 6680261,  (N.D. Cal. Dec. 21, 2012) ................................ 6

*Veera v. Banana Republic, LLC,*
  6 Cal. App. 5th 907 (2016) ............................................................. 15

iii

*Weatherall Aluminum Prod. Co. v. Scott*,
   71 Cal. App. 3d 245 (1977) ........................................................................... 14

**Statutes**

15 U.S.C. § 1681b ......................................................................... 12, 13, 14, 15

Bus. & Prof. Code § 7150 ....................................................................... 1, 14

Bus. & Prof. Code § 7161 ............................................................................ 14

Bus. & Prof. Code § 17200 ............................................................................ 15

Cal. Civ. Code §§ 7151, 7151.2 ..................................................................... 13

Cal. Civ. Code § 1689.6 ......................................................................... 13, 14

REPLY IN SUPPORT OF DEFENDANT SUNNOVA ENERGY CORPORATION'S
MOTION TO DISMISS FIRST AMENDED COMPLAINT

# I.    <u>INTRODUCTION</u>

Plaintiff Luis Acevedo ("Plaintiff") fails to address the majority of the arguments that Defendant Sunnova Energy Corporation ("Sunnova") made in its Motion to Dismiss, any of which is dispositive to the relevant claim, requiring dismissal of his First Amended Complaint ("FAC") in full. *See Allen v. Dollar Tree Stores, Inc.*, 475 F. App'x. 159, 159 (9th Cir. 2012) (affirming dismissal of claims as "proper[] . . . because [plaintiff's] opposition to the motion to dismiss failed to respond to [defendant's] argument").

Plaintiff admits that his First, Second, Third, Seventh and Eighth Causes of Action (fraudulent concealment, negligence, violations of the CLRA, UCL, and Business and Professions Code § 7150, *et seq*.) depend on a theory of agency. Specifically, Plaintiff argues that Sunnova is liable for the fraud of third-party Kuubix Global, LLC ("Kuubix") and its salesman Mostafa Shaheen ("Mostafa") because Sunnova purportedly (1) authorized their acts, and/or (2) ratified them. But the fact that a third party sells Sunnova products is insufficient to allege it is an agent of Sunnova. Moreover, even if an agency relationship is sufficiently alleged, Sunnova is not liable for acts that occurred outside the scope of the alleged authorization it purportedly gave those parties – an argument that Plaintiff fails to address and has therefore waived. Here, Plaintiff alleges that Mostafa and Kuubix flouted all of Sunnova's alleged directives in their interactions with Plaintiff, concealing from Plaintiff that they were selling Sunnova products, the fact of a written contract, and even Sunnova's existence, thus precluding Sunnova's liability under a theory of authorization as a matter of law. Plaintiff also fails to address Sunnova's argument that no agency was created by ratification because the FAC contains no allegations that Sunnova had "full knowledge of all material facts" at the time it allegedly ratified Mostafa and Kuubix's acts, as ratification requires.

The three claims that do not depend on agency are not sufficiently pled either. Plaintiff's Fair Credit Reporting Act claim fails because Plaintiff does not and

1

cannot allege that Sunnova did not have a reasonable belief that it had a permissible purpose to access Plaintiff's credit report at the time that it did so – another argument that Plaintiff fails to address. Plaintiff also fails to address that the allegation that "a debt is not owing," which is all Plaintiff alleges here, is a legal conclusion and not sufficient to allege a violation of the Rosenthal Act. Finally, Plaintiff's HSSA claim fails for failure to provide sufficient factual allegations that Sunnova committed an act in violation of the statute.

The Court should dismiss Plaintiff's deficient FAC in its entirety.

## II.    ARGUMENT

### A.    The Fraudulent Concealment Claim Fails (First Cause of Action)

Plaintiff admits that his fraudulent concealment claim depends on a theory of agency (Opp. 10-17), but is incorrect that this means the Court must rubber stamp the claim because agency is "fact-dependent and thus not suitable for resolution on a motion to dismiss" (*see id*. 9). To the contrary, district courts routinely grant motions to dismiss, where, as here, agency is not sufficiently alleged. *See Hospitality Marketing Concepts, LLC v. Six Continents Hotels, Inc.,* 2016 WL 9045621, at *3 (C.D. Cal. Jan. 28, 2016) (granting motion to dismiss because elements of agency "must be pled to proceed against a defendant based on agency theory").

And dismissal is warranted here. Plaintiff admits that he agreed to the installation of solar panels on his roof based **solely** on statements made to him by third-party salesman Mostafa about the value of solar panels and that Plaintiff had no interaction with Sunnova whatsoever (and did not even know that Sunnova existed) until months **after** he agreed to the installation. (FAC ¶¶ 43-53.) Plaintiff claims that Sunnova nonetheless must be held liable for Mostafa's alleged concealment of the true cost of the panels and the fact of the PPA because Sunnova (1) "authorized" Mostafa's acts by allowing his employer, Kuubix, to sell Sunnova products, and (2) even if Sunnova did not authorize Kuubix and Mostafa's acts, it

ratified those acts by failing to immediately cancel the PPA the minute Plaintiff asked. (Opp. 10-17.) Both arguments fail as a matter of law.[1]

### 1.    No Authorization is Alleged

Plaintiff has failed to allege agency by authorization for two reasons: (1) the fact that Kuubix sold Sunnova products, which is all that is alleged here, is insufficient to allege agency; and (2) even if agency is alleged, Plaintiff fails to allege that Kuubix and Mostafa acted within the scope of the authorization purportedly given to them by Sunnova.

#### a.    The Fact That Kuubix Sold Sunnova Products Is Not Sufficient to Allege an Agency Relationship

In support of Plaintiff's claim that Kuubix and Mostafa were agents of Sunnova, Plaintiff merely rehashes the allegations in the FAC of the purported "Sunnova Program," in which Sunnova allowed certain third-party installers, including Kuubix, to sell Sunnova products and required them to use sales presentations and Sunnova forms and contracts, with specific terms and conditions. (*See* Opp. at 12 (citing FAC ¶¶ 14, 26, 34).)

But the mere fact that a company allows another company to sell its products is insufficient to allege agency as a matter of law. Plaintiff fails to address *any* of Sunnova's authority on this point, merely claiming that the allegations in the FAC about the Sunnova Program are sufficient to allege Sunnova had the right to control Kuubix and Mostafa. (*Compare* Mot. 10 with Opp. 11-12.) But federal and state

---

[1] Plaintiff claims that Sunnova is "incorrect" that the allegations in the FAC contradict those in the Complaint. (Opp. 11, n. 3.) But the Complaint's allegations that Sunnova "exercises virtually no oversight over [the third-party contractor's] activities," (Dkt. No. 1 (Compl. ¶ 35)), directly contradict the FAC's allegations that Sunnova "controls the marketing and sales tactics that its partners use" and "has ostensible control over all aspects of the [purported] Sunnova Program" (FAC ¶¶ 26, 32). *See Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th Cir. 2014) ("[a] party cannot amend pleadings to 'directly contradict an earlier assertion made in the same proceeding.'").

courts alike agree that the right to control sufficient to establish an agency relationship is *not* alleged where, as here, a company merely enlists a third party to sell its product; the mere fact of a commercial relationship is not sufficient to allege the requisite right to control. *See Rogers v. Postmates, Inc.*, 2020 WL 3869191, at *4 (N.D. Cal. July 9, 2020) ("[a]n allegation of a beneficial contractual relationship alone is insufficient to establish agency") (internal citations and quotations omitted); *see also Murphy v. DirecTV, Inc.,* 724 F.3d 1218, 1232 (9th Cir. 2013) (applying California law) ("Generally, retailers are not considered the agents of the manufacturers whose products they sell.") (citing Rest. 3d Agency (2006) § 1.01, com. g); *Alvarez v. Felker Mfg. Co*., 230 Cal. App. 2d 987, 1000 (1964) ("One who receives goods from another for resale to a third person is not thereby the other's agent in the transaction: whether he is an agent for this purpose or is himself a buyer depends upon whether the parties agree that his duty is to act primarily for the benefit of the one delivering the goods to him or is to act primarily for his own benefit.") (internal citations and quotations omitted).

In *Stone v. Friedman*, the district court found allegations of agency inadequate where, like Plaintiff here, the plaintiff alleged the defendant had "authorized" an agent's activities (debt collection) but had failed to allege sufficient facts showing that the defendant had "directed or controlled them," or had the right to do so. 2022 WL 3012213, at *4 (C.D. Cal. May 27, 2022) (citations omitted); *see also Fenton v. Freedman*, 748 F.2d 1358, 1361-62 (9th Cir. 1984) (applying California law) (finding art consultant was not agent of client where right to control was not sufficiently established); *Makreas v. Moore L. Group, A.P.C*., 2012 WL 359710 at *7 (N.D. Cal. Feb. 2, 2012) (granting motion to dismiss where plaintiff alleged "no facts to support a finding that Citibank, having entered into an agreement with Moore under which Moore would attempt to collect a debt assertedly owed by Makreas to Citibank, had the right to control the activities of Moore"). As in *Stone, Fenton* and *Makreas*, allegations that Kuubix was one of

4

many third-party installers who sold Sunnova products in the "Sunnova Program" using Sunnova electronic forms and contracts, with certain terms and conditions, is insufficient to allege that Sunnova directed or controlled Kuubix and its salesman's activities, or had the right to do so, as agency requires. (FAC ¶ 34(1), (2), (3), (5)); *see Stone,* 2022 WL 3012213, at \*4.[2]

      Plaintiff's argument that he has sufficiently alleged the requisite right to control because Sunnova purportedly retained the right to "terminate its relationship with its partners" is equally unavailing. (*See* Opp. 12 (citing FAC ¶ 34.) The FAC only alleges that Sunnova had the right to stop Kuubix and its sales agents from selling Sunnova products and to "discipline" them in unspecified ways, not that it had the right to terminate them from employment. (*See* FAC ¶¶ 34(4), (6).) *Michelson v. Hamada*, relied on by Plaintiff (Opp. 12), is therefore distinguishable because, in that case, the court held that two surgeons had entered an agency relationship where one surgeon was completely reliant on the other and a fiduciary duty that went "beyond a mere contractual relationship" had arisen between the two, none of which is alleged here. 29 Cal. App. 4th 1566, 1580-1581 (1994).

      Notably, Plaintiff also fails to address any of Sunnova's arguments as to why Sunnova is not liable under a theory of apparent or ostensible agency (Mot. 14), and so has waived that argument, as well. *See Allen*, 475 F. App'x. at 159. Nor could he make such an argument. Plaintiff alleges that Mostafa "did not tell Plaintiff that he

---

[2] Plaintiff is held to federal pleading standards for all causes of action, including those based on agency, and his conclusory allegations are insufficient. *See Miller v. Sawant*, 18 F. 4th 328, 337 (9th Cir. 2021) (explaining that federal pleading standards, not state, apply in federal court); *see also Miyayama v. Burke*, 2022 WL 1665211, at \*4 (D. Nev. May 25, 2022) (granting 12(b)(6) motion to dismiss and recognizing federal pleading standards, not state, applied to agency allegations in diversity action). Federal and state law is substantially the same on the agency issues relevant here, and Sunnova cites both sets of law to prove the point, where applicable.

5

was with either Kuubix or SUNNOVA" (FAC ¶ 43) and admits he had no idea that Sunnova even existed until months *after* the Solar System was installed and operational (*id*. ¶ 52). *See Varela v. Wells Fargo Home Mortg*., 2012 WL 6680261, at *6 (N.D. Cal. Dec. 21, 2012) (applying California law) (dismissing complaint without leave to amend where allegations did not show that bank "caused Plaintiffs to believe that the broker was acting as its agent").

> **b.    Plaintiff Fails To Allege That Mostafa or Kuubix Acted Within the Scope of Their Alleged Authorization**

Even assuming Plaintiff has sufficiently alleged an agency relationship, Sunnova is still not liable for acts Mostafa and Kuubix committed *outside* the scope of the authorization allegedly given to them by Sunnova – another argument that Plaintiff fails to address. *See Certain Underwriters at Lloyd's London v. ConAgra Grocery Products Co., LLC*, 77 Cal. App. 5th 729, 730 (2022) ("[a] principal is chargeable with and is bound by the knowledge of, or notice to, his agent received while the agent is acting within the scope of his authority and which is with reference to a matter over which his authority extends"); *see Allen*, 475 F. App'x. at 159 (plaintiff waived arguments it did not address in opposition).

Plaintiff likely did not address the argument because he cannot. As the Opposition acknowledges (Opp. 10-13), Plaintiff alleges that Sunnova's authorization of Kuubix and Motsafa's acts derives entirely from Kuubix's participation in the purported Sunnova Program through which it was allowed to sell Sunnova products. (*Id*. (citing FAC ¶¶ 14, 26, 28-36).) But Plaintiff fails to allege that Mostafa or Kuubix acted within the scope of the authorization purportedly given to them by Sunnova. The FAC contains no allegations showing that Mostafa and Kuubix marketed and sold Sunnova products, using the requisite Sunnova contracts, forms, and terms and conditions, as the Sunnova Program required them to do. Instead, Plaintiff alleges they flouted the Sunnova Program entirely, withholding from Plaintiff that they were selling Sunnova products, the existence of

any contract with Sunnova, or that Sunnova even existed at all. (*See* FAC ¶¶ 34, 43-55.) Plaintiff's contradictory and deficient allegations are plainly insufficient to allege authorization as a matter of law. *See Pluto Sama Holdings, Inc. v. Jagex Ltd.,* 2022 WL 1536590, at *6 (C.D. Cal. Jan. 12, 2022) (applying California law) (granting motion to dismiss in part because the "entire premise of the complaint is the exact opposite" of an actual authority theory); *Phleger v. Countrywide Home Loans*, 2009 WL 537189, at *12 (N.D. Cal. Mar. 3, 2009) (applying California law) (emphasis in original) (holding alleged agent would not be liable if he "*exceeded* the scope of his actual authority") (emphasis in original).

### 2.     No Ratification Is Alleged

Plaintiff also fails to allege ratification. Plaintiff's entire theory of ratification hinges on his claim that Sunnova purportedly "ratified" Mostafa's actions by failing to cancel the PPA after Plaintiff purportedly gave Sunnova "notice of the fraud." (*See* Opp. 13 (citing FAC ¶¶ 35, 43).) But Plaintiff fails to address Sunnova's argument that a forged contract is illegal and cannot be ratified, thereby waiving any argument to the contrary. (*See* Mot. 15); *see also Industrial Indem. Co. v. Golden State Co*., 117 Cal. App. 2d 519, 540 (1953) ("An illegal contract cannot be ratified."); *see Allen*, 475 F. App'x. at 159 (arguments not addressed are waived).

Plaintiff also fails to address that Sunnova cannot be liable under a theory of ratification because Plaintiff fails to allege that Sunnova had "full knowledge" of the alleged wrongdoing at the time it allegedly ratified Kuubix and Motsafa's acts. (*See* Mot. at 15); *see also Allen*, 475 F. App'x. at 159. It is axiomatic that, to state a claim for agency by ratification, a plaintiff must allege the principal has full knowledge of all material facts at the time of the alleged ratification. *See UFCW & Employers Benefit Trust v. Sutter Health*, 241 Cal. App. 4th 909, 933 (2015) ("[a] principal may ratify an agency with full knowledge of all the facts"); *accord Kristensen v. Credit Payment Servs. Inc*., 879 F.3d 1010, 1014 (9th Cir. 2018). Here, Plaintiff only alleges that he told Sunnova that he wanted to cancel the PPA because of its

"fraudulent nature." (FAC ¶¶ 55, 64.) Plaintiff fails to allege what he conveyed to Sunnova that was sufficient to give it "full knowledge" of Kuubix and Mostafa's alleged acts so as to trigger liability under a theory of ratification. *See Leap Imports LLC v. Anker Innovations, Limited*, 2020 WL 13281783, at *4 (C.D. Cal. Aug. 14, 2020) (applying California law) (allegations plaintiff notified company via letter insufficient to allege ratification because "[f]ull knowledge . . . cannot be plausibly inferred from [] receipt of the [] letter"); *see also Gallagher v. California Pacific Title & Trust Co.*, 13 Cal. App. 2d 482, 493 (1939) ("The doctrine of constructive knowledge of material facts . . . does not generally obtain in the case of ratification, as ordinarily it is what the principal knows, and not what he has mere legal notice of, that is to be considered in determining whether there has been ratification").

*Reusche v. California Pacific Title Ins. Co.*, relied on by Plaintiff (Opp. 13-14), is inapposite. In *Reusche*, the Court of Appeal held that a party could be liable under a theory of ratification where she knew a check had a forged endorsement but failed to apprise the bank, allowing the deposit to go through. 231 Cal. App. 2d 731, 737 (1965). By contrast, there are no allegations here that Sunnova ever accepted any payment from Plaintiff, let alone that it had knowledge of an alleged forgery when it did so. *See Dickenson v. Stevens*, 2011 WL 13217926, at *4 (C.D. Cal. Dec. 16, 2011) (applying California law) (finding "acceptance of the proceeds of the deal" insufficient to establish ratification where nothing showed defendants "were aware of all of the material facts at the time they accepted the proceeds of the transaction").

Finally, Plaintiff is wrong that Sunnova can be liable for Kuubix and Mostafa's actions under a theory of ratification because it "attempt[ed] to collect on the fraudulent PPA from Plaintiff without investigating Plaintiff's complaints of fraud." (*See* Opp. 14.) The FAC does not contain a single factual allegation stating that Sunnova made any attempt to collect payment after Plaintiff notified it of "all material facts of the fraud." Plaintiff does not address this argument in his

REPLY IN SUPPORT OF DEFENDANT SUNNOVA ENERGY CORPORATION'S
MOTION TO DISMISS FIRST AMENDED COMPLAINT

Opposition either (*see* Mot. 15-16), but it, too, is fatal to his ratification claim. *See Brown v. Rouse*, 104 Cal. 672, 675 (1894) (finding no ratification where defendant's agent, without authority, executed note and mortgage purporting to bind her, and defendant allowed agent to pay two installments of interest under belief that they were binding); *see Allen*, 475 F. App'x. at 159.

Plaintiff's failure to allege authorization, ratification or any other theory of agency requires dismissal of his fraudulent concealment claim in full.

## B.  The Negligence Claim (Second Cause of Action) Is Also Deficient

Plaintiff claims he has sufficiently pled negligence because Sunnova had a duty "to disclose complete and accurate information to Plaintiff" and purportedly failed to do so. (Opp. 17.) But Plaintiff fails to allege that Sunnova withheld anything from him. Plaintiff alleges that he did not have any interaction with Sunnova until months *after* he agreed to the Solar System installation, and that, once Plaintiff finally interacted with Sunnova, Sunnova sent him the full written PPA, replete with all personal identifying information. (FAC ¶¶ 52-58.)

Instead, Plaintiff admits that his negligence claim relies entirely on the same deficient agency allegations as his fraudulent concealment claim, requiring dismissal of this claim for the same reasons. (*See* Opp. 17; Section II.A., *supra*.); *see also Sandry v. First Franklin Financial Corp*., 2011 WL 202285, at *5 (E.D. Cal. 2011) (applying California law) (dismissing negligence claim against lender on motion to dismiss where plaintiff failed to allege that lender "had reason to know that [p]laintiffs' loan application contained false information").

## C.  Plaintiff Fails to State a CLRA Claim (Third Cause of Action)

Plaintiff admits that his CLRA claim is dependent on his deficient agency theory, arguing that Sunnova should be held liable because Plaintiff would not have agreed to the installation of the Solar System absent Mostafa's statements that the "solar panels would be free" and Mostafa's omission that there was "an expensive, 25-year PPA attached to the solar panels." (*See* Opp. 18.) Thus, this claim should be

9

1    dismissed for the same reasons that Plaintiff's fraudulent concealment and

2    negligence claims should be dismissed. (*See* Section II.A, B, *supra*.)

3         **D.**      **The FCRA Claim Fails (Fourth Cause of Action)**

4         As Plaintiff admits, the FCRA contains a list of permissible reasons why a

5    party may obtain a credit report. (Opp. 18 (citing *Nayab v. Cap. One Bank (USA),*

6    *N.A.*, 942 F.3d 480, 495 (9th Cir. 2019).) Plaintiff argues he has sufficiently pled a

7    FCRA claim because he has alleged facts giving rise to a "reasonable inference" that

8    Sunnova did not run the report for any permissible purpose proscribed by the statute.

9    (*Id.*)

10        But, among the permissible purposes for which a party "may furnish a

11   consumer report" is "To a person which it has reason to believe . . . intends to use

12   the information in connection with a credit transaction involving the consumer . . .

13   and involving the extension of credit to, or review or collection of an account of, the

14   consumer." 15 U.S.C. § 1681b(a)(3)(A). "Notably, § 1681b(a)(3)(A) allows a third-

15   party to obtain a consumer's credit report without having a previous relationship

16   with the consumer and without the consumer initiating the transaction." *Nayab*, 942

17   F.3d at 488. Thus, in *Nayab*, relied on by Plaintiff (Opp. 18-20), the Ninth Circuit

18   held that, while a plaintiff is not required to plead a third party's actual unauthorized

19   purpose in obtaining a credit report, a plaintiff *is* required to allege "facts giving rise

20   to a reasonable inference that the defendant obtained his or her credit report in

21   violation of 1681b(f)(1) to meet their burden of pleading." *Nayab*, 942 F.3d at 493.

22        Here, Plaintiff has failed to plead sufficient "facts giving rise to a reasonable

23   inference that [Sunnova] obtained [his] credit report for a purpose not authorized by

24   the statute." *See Nayab*, 942 F.3d at 499. There are no allegations that Sunnova did

25   not have "reason to believe" at the time that it allegedly accessed Plaintiff's credit

26   report that Plaintiff had not legitimately executed the PPA or PPA Amendment and

27   applied for a Solar System. *See* 15 U.S.C. § 1681b(a)(3)(A). Indeed, the FAC

28   alleges that Plaintiff agreed to the installation of solar panels in or around August or

WAYMAKER

September 2022, and did not make any complaint to Sunnova until months *after* the installation when he learned that Mostafa had lied to him about the cost of the solar panels. (FAC ¶¶ 51-56.) Accepting these facts as true, the reasonable inference is that at the time that Plaintiff ordered solar panels in August or September 2022, Sunnova had a reasonable belief that Plaintiff had legitimately entered into a solar panel transaction for which he needed credit. *See* 15 U.S.C. §1681b(a)(3)(A) (permissible purpose includes where party has "reason to believe" it is accessing credit for a consumer credit transaction); *see also Danfer-Klaben v. JPMorgan Chase Bank, N.A.*, 2022 WL 3012528, at *3 (C.D. Cal. Jan. 24, 2022) (dismissing FCRA claim where plaintiff failed to allege sufficient facts giving rise to a reasonable inference that [the defendant] obtained her credit report for a purpose not authorized by the statute") (quoting *Nayab*, 942 F.3d at 499).

  *Graham v. Sunnova Energy Int'l, Inc.*, cited by Plaintiff (*see* Opp. 19), is therefore inapposite because, in that case, the plaintiff "explicitly" alleged that she did not order solar panels and that she told the salesperson that she did not want her credit check run, leading to a "reasonable inference" of a lack of permissible purpose in then running the credit check. 2024 WL 871858, at *8. By contrast, Plaintiff here alleges that he *did* order solar panels and does not allege that he ever told anyone not to run a credit check. (FAC ¶¶ 43-52.) Only months later, after he learned that Mostafa had misrepresented the cost of the solar panels, did Plaintiff complain to Sunnova and say he did not want the solar panels. (*Id*. ¶ 53.)

  *Nayab* does nothing to change the fact that the FCRA does not impose liability on a party who has "reason to believe" that he or she is accessing a consumer's credit report for a permissible purpose. (*See* Mot. 20-22); *Nayab*, 942 F.3d at 495 (citing 15 U.S.C. § 1681b).[3] The fact that Plaintiff did not hear of

---

[3] Plaintiff makes the bizarre argument that, under *Nayab*, Sunnova was required "to explain" in its Motion what its authorized purpose was in accessing Plaintiff's credit

1  Sunnova for over a year after it allegedly accessed his consumer report and that

2  Plaintiff did not consent to a credit report inquiry (Opp. 19) does nothing to change

3  this analysis. *See Danfer-Klaben,* 2022 WL 3012528, at *3 (finding allegations that

4  defendant company accessed plaintiff's credit report "without written or verbal

5  authorization" insufficient to state a claim under the FCRA).

6      Moreover, insofar as Plaintiff claims that Mostafa's knowledge that Plaintiff

7  did not legitimately order a Solar System is imputed to Sunnova through his

8  deficient agency theory, the FCRA claim fails for the same reason Plaintiff's other

9  claims that rely on his deficient agency theory fail. (*See* Sections II.A-C.)

10      As Plaintiff alleges no facts remotely giving rise to a "reasonable inference"

11  that Sunnova did not have a reasonable belief at the time that it purportedly accessed

12  Plaintiff's credit report that Plaintiff had not legitimately entered a solar panel

13  transaction for which he needed credit, he has not stated a claim under the FCRA.

14  *See* 15 U.S.C. § 1681b(a)(3)(A); *Nayab*, 942 F.3d at 499; *Danfer-Klaben*, 2022 WL

15  3012528, at *3.

16      **E.    The Rosenthal Act Claim Is Too Conclusory To Survive a Motion
          to Dismiss (Fifth Cause of Action)**

17

18      Plaintiff also fails to adequately address that the FAC does not contain a

19  single violation of the Rosenthal Act alleged with sufficient particularity. (Opp. 21);

20  *see Townsend v. Chase Bank*, 2009 WL 426393, at *2 (C.D. Cal. Feb. 15, 2009)

21  ("each alleged communication in violation of the FDCPA must be pled with

22  particularity"). Plaintiff attempts to distinguish *Townsend* by citing *Helber v.*

23  report was. (*See* Opp. 19, n. 5 (citing *Nayab*, 942 F.3d at 495).) What *Nayab*

24  actually says is that a consumer-plaintiff has the burden of alleging "facts giving rise

25  to a reasonable inference" that his or her credit report was obtained for a purpose not

26  authorized by the FCRA to survive a motion to dismiss. *See Nayab*, 942 F.3d at 493-

27  494. Assuming that burden is met and the complaint withstands dismissal, the

28  burden of persuasion then shifts to the defendant to plead as "justification or

     exemption" an affirmative defense that it obtained the report for an authorized

     purpose. *See id*. at 494-495.

REPLY IN SUPPORT OF DEFENDANT SUNNOVA ENERGY CORPORATION'S
MOTION TO DISMISS FIRST AMENDED COMPLAINT

*Nationwide Credit, Inc.*, 2010 WL 11595725, at \*2 (C.D. Cal. Mar. 4, 2010), which noted the *Townsend* plaintiff "did not include any specific information about [the] communications or why they were deceptive." *Id*. But Plaintiff's allegations suffer from the same deficiency. Plaintiff fails to allege that Sunnova ever initiated any call or other correspondence to him to collect payment, only claiming that when he called Sunnova for the first time Sunnova "demanded that Plaintiff make payments on the alleged PPA." (FAC ¶ 54.) Only after Sunnova made that alleged demand did Plaintiff allegedly complain about the PPA or give any indication that he did not want to be bound to it. There are no other factual allegations in the FAC that Sunnova ever attempted to collect any payment from Plaintiff at any time. By contrast, in *Helber*, the court found the allegations sufficient where plaintiff had "alleged a specific volume of calls, a pattern of calling, and a phone number from which the calls were made." *Helber*, 2010 WL 11595275 at \*2.

Plaintiff argues Sunnova violated the Rosenthal Act "because Plaintiff did not agree to any PPA" and the Rosenthal Act prohibits "collecting debts not owed" (Opp. 21), but Plaintiff ignores the myriad case law that Sunnova cited in its Motion establishing that the mere allegation that a debt is not owed is a legal conclusion insufficient to state a claim under the Rosenthal Act as a matter of law (Mot. 23). Plaintiff's allegations under the Rosenthal Act are plainly insufficient "to allow 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Helber*, 2010 WL 11595275 at \*2 (quoting *Ashcroft v. Iqbal*, 566 U.S. 662, 663 (2009)).

## F.    Plaintiff's HSSA Claim Fails (Sixth Cause of Action)

The HSSA provides buyers the right to cancel contracts within its purview stating "the buyer has the right to cancel a home solicitation contract or offer until midnight of the third business day . . . after the day on which the buyer signs" a contract in compliance with the statute. Cal. Civ. Code §§ 7151, 7151.2, 1689.6(a)(1). The statute provides that "[c]ancellation occurs when the buyer gives

13

written notice of cancellation to the seller at the address specified in the agreement or offer." *Id*. § 1689.6(d).

Plaintiff argues Section 1689.6(a)(1) does not apply here because Sunnova "never provided Plaintiff with a fully executed contract as required by Civil Code 1689.6(a)(2)" (Opp. 22), but the FAC itself alleges that Plaintiff received such an agreement from Sunnova on June 22, 2023 (FAC ¶ 56). Plaintiff also claims that Sunnova "has never complied with the HSSA" and he thus retained the right to cancel at any time. (Opp. 22.) But the case Plaintiff cites in support involved a written contract that "did not contain a notice of the buyer's right to cancel" at all. *See Weatherall Aluminum Prod. Co. v. Scott*, 71 Cal. App. 3d 245, 247 (1977). In contrast, Plaintiff does not allege that the PPA he received did not contain a notice of the right to cancel, but only that the entirety of the PPA was void because he claims that he did not sign it. (*See* Opp. 23 (citing FAC ¶¶ 50-51, 63, 66).) Plaintiff does not allege that he attempted to cancel the PPA within three days of receiving the PPA, as the HSSA requires. (FAC ¶¶ 56, 61, 64); Cal. Civ. Code § 1689.6(a)(1). Instead, Plaintiff purported to exercise his right to cancel some four months after he received the PPA (FAC ¶¶ 56, 61), and for that reason, his HSSA claim should fail.

### G.   Plaintiff Fails to State a Claim under Business and Professions Code § 7150, *et seq*. (Seventh Cause of Action)

In support of his Section 7150 claim, Plaintiff reiterates his same deficient agency theory (*see* Opp. 24), which fails for the same reason it fails as to his other claims. (*See* Sections II.A-D, *supra*.) And Plaintiff fails to even address Sunnova's argument that his vague, conclusory allegations regarding the PPA ("a host of other Business and Professions Code 7161 violations") fail to give Sunnova fair notice of the claim and are insufficient as a matter of law. (*See* Mot. 25 (quoting FAC ¶ 136)); *Iqbal*, 556 U.S. at 678-681; *Allen*, 475 F. App'x. at 159 (arguments not addressed are waived).

### H.    Plaintiff Fails to State a Claim Under the UCL, Bus. & Prof. Code § 17200, *et seq*. (Eighth Cause of Action)

Plaintiff's UCL claim fails under all three prongs of the UCL for the same reason his CLRA claim fails: he fails to allege reliance and his agency theory fails as a matter of law. *See Veera v. Banana Republic, LLC*, 6 Cal. App. 5th 907, 916 (2016) ("standing requirements of the CLRA are essentially identical to those of the UCL"); (*see* Section II.C, *supra*.) Sunnova explicitly made these arguments as to all three UCL prongs (unfair, fraudulent and unlawful) in its Motion (Mot. 17-19), and Plaintiff's statement that "Sunnova does not address" Plaintiff's allegation "that [Sunnova's] conduct also violates the 'unfair' and 'fraudulent' prongs of the UCL" is false on its face. (*See* Opp. 23-24.)

Plaintiff also fails to allege any violation of the unlawful prong because he has failed to sufficiently allege Sunnova violated any underlying law. Plaintiff fails to allege a violation of the UCL based on the CFPA claim because the claim is predicated on an unsupported theory of agency. (*See* Opp. 23; *see* Sections II.A-C.) And Plaintiff otherwise fails to provide any substantive argument or authority addressing any of Sunnova's arguments as to why Plaintiff has not pled a violation of an underlying law sufficient to satisfy the pleading standards of a UCL claim based on the unlawful prong. (Mot. 19-20.) As a result, Plaintiff has waived any argument to the contrary. *See United States v. Graf,* 610 F.3d 1148, 1166 (9th Cir. 2010) ("Arguments made in passing and not supported by citations to the record or to case authority are generally deemed waived.").

## III.    <u>CONCLUSION</u>

Based on the foregoing, Sunnova respectfully requests that the Court dismiss the First Amended Complaint in its entirety. Moreover, the FCRA, HSSA and Rosenthal Act claims should be dismissed with prejudice, as Plaintiff has failed to show how they could be amended.

1  DATED:  May 2, 2024                    WAYMAKER LLP

2

3

4                                        By: /s/ *Teresa L. Huggins*
                                            Ryan G. Baker
5                                           Teresa L. Huggins
                                            Jose R. Nuño
6                                           *Attorneys for Defendant*
                                            *Sunnova Energy Corporation*
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPLY IN SUPPORT OF DEFENDANT SUNNOVA ENERGY CORPORATION'S
MOTION TO DISMISS FIRST AMENDED COMPLAINT