1  Ryan G. Baker (Bar No. 214036)
     rbaker@waymakerlaw.com
2  Teresa L. Huggins (Bar No. 263257)
3    thuggins@waymakerlaw.com
   Jose R. Nuño (Bar No. 312832)
4    jnuno@waymakerlaw.com
5  WAYMAKER LLP
   515 S. Flower Street, Suite 3500
6  Los Angeles, California 90071
7  Telephone: (424) 652-7800
   Facsimile:  (424) 652-7850
8
9  *Attorneys for Defendant*
   *Sunnova Energy Corporation*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| LUIS ACEVEDO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SUNNOVA ENERGY CORPORATION; and DOES 1 through 20, inclusive,<br><br>　　　　Defendant. | Case No. 5:23-cv-02436-MRA-DTBx<br><br>**SUNNOVA ENERGY CORPORATION'S RESPONSE TO PLAINTIFF'S STATEMENT OF RECENT DECISION**<br><br>The Honorable Mónica Ramírez Almadani<br><br>Complaint Filed: November 30, 2023<br><br>Hearing: May 16, 2024<br>Time: 1:30 p.m. |

Defendant Sunnova Energy Corporation ("Sunnova") hereby responds to Plaintiff Luis Acevedo's ("Plaintiff's" or "Acevedo's") statement of recent decision. (Dkt. 39.) Plaintiff submitted a May 3, 2024 order by the Honorable Michael W. Fitzgerald in *Benjamin Martinez v. Sunnova Energy Corp.*, CDCA Case No. 5:23-cv-02233-MWF, granting in part, and denying in part, Sunnova's 12(b)(6) motion to dismiss. This case differs from *Martinez* in several important respects.

As an initial matter, the Honorable Judge Fitzgerald previously declined Sunnova's request to relate this case with *Martinez* on the grounds that "the facts will be completely different." (Dkt. 12.) Consistent with that determination, the order in *Martinez* relies on distinguishable facts, including the fact that Martinez alleges loss and damages that Acevedo fails to plead. With respect to Martinez's claims for violations of the Consumers Legal Remedies Act, Cal. Civ. Code 1770, *et seq.*, and the UCL, Bus. & Prof. Code 17200, *et seq.*, the court rejected Sunnova's argument on standing, holding that "Plaintiff's allegation that he lost at least $918 as a result of Defendant's own conduct and through its agent [] is sufficient to confer standing." (*Martinez* Dkt. 39 at 14.) Acevedo makes no similar allegations of out-of-pocket loss that would confer standing.

The facts alleged by Martinez were also different with regard to his Rosenthal Act claims. Martinez alleged "that the phone calls he received were deceptive because they erroneously stated that he owed $918 on a late energy bill." (*Martinez* Dkt. 39 at 12.) There are no such allegations before this Court. This again limits any application of the *Martinez* decision here.

Further, *Martinez* addresses an Elder Abuse Claim, which is not a claim in this case. Finally, the *Martinez* decision has no bearing on Acevedo's Fair Credit Reporting Act Claim because there was no such claim in *Martinez*.

DATED: May 10, 2024

Respectfully submitted,

WAYMAKER LLP

By: /s/ *Teresa L. Huggins*
Ryan G. Baker
Teresa L. Huggins
Jose R. Nuño
*Attorneys for Defendant*
*Sunnova Energy Corporation*