1

2

3

4

5

6

7

8

9

10

11 **UNITED STATES DISTRICT COURT**

12 **CENTRAL DISTRICT OF CALIFORNIA**

13

| | |
|---|---|
| LUIS ACEVEDO | Case No. 5:23-cv-02436-MRA-DTBx |
| Plaintiff, | [DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE DAVID T. BRISTOW] |
| v. | |
| SUNNOVA ENERGY CORPORATION, and DOES 1 through 20, inclusive | STIPULATED PROTECTIVE ORDER AND [~~PROPOSED~~] ORDER |
| Defendants. | Complaint Filed: November 30, 2023 |

23 1.       A.     <u>PURPOSES AND LIMITATIONS</u>

24        Disclosure and discovery activity in this action are likely to involve production

25 of confidential, proprietary, or private information for which special protection from

26 public disclosure and from use for any purpose other than prosecuting this litigation

27 may be warranted. Accordingly, the parties hereby stipulate to and petition the court

28 to enter the following Stipulated Protective Order. The parties acknowledge that this

1   Order does not confer blanket protections on all disclosures or responses to discovery

2   and that the protection it affords from public disclosure and use extends only to the

3   limited information or items that are entitled to confidential treatment under the

4   applicable legal principles. The parties further acknowledge, as set forth in Section

5   12.3, below, that this Stipulated Protective Order does not entitle them to file

6   confidential information under seal; Civil Local Rule 79-5 sets forth the procedures

7   that must be followed and the standards that will be applied when a party seeks

8   permission from the court to file material under seal.

9           B.      GOOD CAUSE STATEMENT

10          This action is likely to involve commercial, financial, technical and/or

11   proprietary information for which special protection from public disclosure and

12   from use for any purpose other than prosecution of this action is warranted. Such

13   confidential and proprietary materials and information consist of, among other

14   things, confidential business or financial information, information regarding

15   confidential business practices, or other confidential research, development, or

16   commercial information (including information implicating privacy rights of third

17   parties), information otherwise generally unavailable to the public, or which may be

18   privileged or otherwise protected from disclosure under state or federal statutes,

19   court rules, case decisions, or common law. Accordingly, to expedite the flow of

20   information, to facilitate the prompt resolution of disputes over confidentiality of

21   discovery materials, to adequately protect information the parties are entitled to keep

22   confidential, to ensure that the parties are permitted reasonable necessary uses of

23   such material in preparation for and in the conduct of trial, to address their handling

24   at the end of the litigation, and serve the ends of justice, a protective order for such

25   information is justified in this matter. It is the intent of the parties that information

26   will not be designated as confidential for tactical reasons and that nothing be so

27   designated without a good faith belief that it has been maintained in a confidential,

28

2

non-public manner, and there is good cause why it should not be part of the public record of this case.

2.      DEFINITIONS

2.1      Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2      "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.3      Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.4      Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures, voluntary or otherwise, or in responses to discovery as "CONFIDENTIAL."

2.5      Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures voluntary or otherwise, or responses to discovery in this matter.

2.6      Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7      House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8      Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9      Outside Counsel of Record: attorneys who are not employees of a party

1   to this action but are retained to represent or advise a party to this action and have

2   appeared in this action on behalf of that party or are affiliated with a law firm which

3   has appeared on behalf of that party, and includes support staffs.

4           2.10   Party: any party to this action, including all of its officers, directors,

5   employees, consultants, retained experts, and Outside Counsel of Record (and their

6   support staffs).

7           2.11   Producing Party: a Party or Non-Party that produces Disclosure or

8   Discovery Material in this action.

9           2.12   Professional Vendors: persons or entities that provide litigation support

10  services (e.g., photocopying, videotaping, translating, preparing exhibits or

11  demonstrations, and organizing, storing, or retrieving data in any form or medium)

12  and their employees and subcontractors.

13          2.13   Protected Material: any Disclosure or Discovery Material that is

14  designated as "CONFIDENTIAL."

15          2.14   Receiving Party: a Party that receives Disclosure or Discovery Material

16  from a Producing Party.

17  3.      SCOPE

18          The protections conferred by this Stipulation and Order cover not only

19  Protected Material (as defined above), but also (1) any information copied or extracted

20  from Protected Material; (2) all copies, excerpts, summaries, or compilations of

21  Protected Material; and (3) any testimony, conversations, or presentations by Parties

22  or their Counsel that might reveal Protected Material. However, the protections

23  conferred by this Stipulation and Order do not cover the following information: (a)

24  any information that is in the public domain at the time of disclosure to a Receiving

25  Party or becomes part of the public domain after its disclosure to a Receiving Party as

26  a result of publication not involving a violation of this Order; and (b) any information

27  known to the Receiving Party prior to the disclosure or obtained by the Receiving

28  Party after the disclosure from a source who obtained the information lawfully and

under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.     DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.     DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in deposition or in other pretrial or trial proceedings, and any exhibits thereto, the Designating Party may identify on the record, or up to thirty (30) days thereafter, the specific portions of the testimony and exhibits which are entitled to protection under this agreement. Until that deadline, the entire

1   deposition shall be treated as "CONFIDENTIAL" unless otherwise agreed to by the

2   Parties in writing. After the expiration of that time period, the transcript shall be

3   treated as actually designated, either on the record or within the 30-day period set

4   forth above.

5          (c) for information produced in some form other than documentary and for

6   any other tangible items, that the Producing Party affix in a prominent place on the

7   exterior of the container or containers in which the information or item is stored the

8   legend "CONFIDENTIAL." If only a portion or portions of the information or item

9   warrant protection, the Producing Party, to the extent practicable, shall identify the

10  protected portion(s).

11         5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent

12  failure to designate qualified information or items does not, standing alone, waive the

13  Designating Party's right to secure protection under this Order for such material.

14  Upon timely correction of a designation, the Receiving Party must make reasonable

15  efforts to assure that the material is treated in accordance with the provisions of this

16  Order.

17  6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

18         6.1     Timing of Challenges. Any Party or Non-Party may challenge a

19  designation of confidentiality at any time that is consistent with the Court's

20  Scheduling Order.

21         6.2     Meet and Confer. The Challenging Party shall initiate the dispute

22  resolution process under Local Rule 37.1, *et seq.*

23         6.3     The burden of persuasion in any such challenge proceeding shall be on

24  the Designating Party. Frivolous challenges, and those made for an improper purpose

25  (e.g., to harass or impose unnecessary expenses and burdens on other parties) may

26  expose the Challenging Party to sanctions. Unless the Designating Party has waived or

27  withdrawn the confidentiality designation, all parties shall continue to afford the

28

1   material in question the level of protection to which it is entitled under the Producing

2   Party's designation until the court rules on the challenge.

3   7.      ACCESS TO AND USE OF PROTECTED MATERIAL

4         7.1     Basic Principles. A Receiving Party may use Protected Material that is

5   disclosed or produced by another Party or by a Non-Party in connection with this case

6   only for prosecuting, defending, or attempting to settle this litigation. Such Protected

7   Material may be disclosed only to the categories of persons and under the conditions

8   described in this Order. When the litigation has been terminated, a Receiving Party

9   must comply with the provisions of section 13 below (FINAL DISPOSITION).

10        Protected Material must be stored and maintained by a Receiving Party at a

11  location and in a secure manner that ensures that access is limited to the persons

12  authorized under this Order.

13        7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless

14  otherwise ordered by the court or permitted in writing by the Designating Party, a

15  Receiving Party may disclose any information or item designated "CONFIDENTIAL"

16  only to:

17        (a) the Receiving Party's Outside Counsel of Record in this action, as well

18  as employees of said Outside Counsel of Record to whom it is reasonably necessary to

19  disclose the information for this litigation and who have signed the "Acknowledgment

20  and Agreement to Be Bound" that is attached hereto as Exhibit A;

21        (b) the officers, directors, and employees (including House Counsel) of the

22  Receiving Party to whom disclosure is reasonably necessary for this litigation and

23  who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

24        (c) Experts (as defined in this Order) of the Receiving Party to whom

25  disclosure is reasonably necessary for this litigation and who have signed the

26  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

27        (d) the court and its personnel;

28        (e) court reporters and their staff;

(f)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(i)  any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this

1   action as "CONFIDENTIAL" before a determination by the court from which the

2   subpoena or order issued, unless the Party has obtained the Designating Party's

3   permission. The Designating Party shall bear the burden and expense of seeking

4   protection in that court of its confidential material – and nothing in these provisions

5   should be construed as authorizing or encouraging a Receiving Party in this action to

6   disobey a lawful directive from another court.

7   9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED

8         IN THIS LITIGATION

9         (a) The terms of this Order are applicable to information produced by a Non-

10  Party in this action and designated as "CONFIDENTIAL." Such information

11  produced by Non-Parties in connection with this litigation is protected by the

12  remedies and relief provided by this Order. Nothing in these provisions should be

13  construed as prohibiting a Non-Party from seeking additional protections.

14        (b) In the event that a Party is required, by a valid discovery request, to

15  produce a Non-Party's confidential information in its possession, and the Party is

16  subject to an agreement with the Non-Party not to produce the Non-Party's

17  confidential information, then the Party shall:

18        (1) promptly notify in writing the Requesting Party and the Non-Party

19  that some or all of the information requested is subject to a confidentiality agreement

20  with a Non-Party;

21        (2) promptly provide the Non-Party with a copy of the Stipulated

22  Protective Order in this litigation, the relevant discovery request(s), and a reasonably

23  specific description of the information requested; and

24        (3) make the information requested available for inspection by the Non-

25  Party.

26        (c) If the Non-Party fails to object or seek a protective order from this court

27  within 14 days of receiving the notice and accompanying information, the Receiving

28  Party may produce the Non-Party's confidential information responsive to the

10

discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.    MISCELLANEOUS

12.1    Right to Further Relief. Nothing in this Order abridges the right of any

1   person to seek its modification by the court in the future.

2         12.2   Right to Assert Other Objections. By stipulating to the entry of this

3   Protective Order no Party waives any right it otherwise would have to object to

4   disclosing or producing any information or item on any ground not addressed in this

5   Stipulated Protective Order. Similarly, no Party waives any right to object on any

6   ground to use in evidence of any of the material covered by this Protective Order.

7         12.3   Filing Protected Material. A Party that seeks to file under seal any

8   Protected Material must comply with Civil Local Rule 79-5. Protected Material may

9   only be filed under seal pursuant to a court order authorizing the sealing of the

10  specific Protected Material at issue. If a Party's request to file Protected Material

11  under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving

12  Party may file the information in the public record pursuant to Civil Local Rule 79-5

13  unless otherwise instructed by the court.

14  13.    FINAL DISPOSITION

15        Within 60 days after the final disposition of this action, as defined in paragraph

16  4, each Receiving Party must return all Protected Material to the Producing Party or

17  destroy such material. As used in this subdivision, "all Protected Material" includes

18  all copies, abstracts, compilations, summaries, and any other format reproducing or

19  capturing any of the Protected Material. Whether the Protected Material is returned or

20  destroyed, the Receiving Party must submit a written certification to the Producing

21  Party (and, if not the same person or entity, to the Designating Party) by the 60 day

22  deadline that (1) identifies (by category, where appropriate) all the Protected Material

23  that was returned or destroyed and (2) affirms that the Receiving Party has not

24  retained any copies, abstracts, compilations, summaries or any other format

25  reproducing or capturing any of the Protected Material. Notwithstanding this

26  provision, Counsel are entitled to retain an archival copy of all pleadings, motion

27  papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence,

28  deposition and trial exhibits, expert reports, attorney work product, and consultant and

1   expert work product, even if such materials contain Protected Material. Any such

2   archival copies that contain or constitute Protected Material remain subject to this

3   Protective Order as set forth in Section 4 (DURATION).

4   14.     Any violation of this Order may be punished by any and all appropriate

5   measures including, without limitation, contempt proceedings and/or monetary

6   sanctions.

7   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

8

9   DATED: August 12, 2024              */s/Kristin Kemnitzer*
                                        Kemnitzer, Barron & Krieg LLP
10                                      Attorneys for Plaintiff

11

12  DATED: August 12, 2024              */s/ Jose R. Nuño*
                                        Waymaker LLP
13                                      Attorneys for Defendant

14

15                          ATTESTATION

16        Pursuant to L.R. 5-4.3.4, I hereby attest that all other signatories listed, and on

17  whose behalf the filing is submitted, concur in the filing's content and have

18  authorized the filing.

                                        */s/ Jose R. Nuño*
19                                      Jose R. Nuño

20

21

22  PURSUANT TO STIPULATION, AND FOR GOOD CAUSE SHOWN, IT IS SO

23  ORDERED.

24

25  DATED: ___August 13, 2024___  _____

26                                      Hon. David T. Bristow
                                        United States Magistrate Judge

27

28

                                        13

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that

I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Central District of California on

[_____] in the case of *Luis Acevedo v. Sunnova Energy Corporation, et al.*, CACD

Case No. 2:23-cv-02436-MRA-DTBx. I agree to comply with and to be bound by all

the terms of this Stipulated Protective Order and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment in the nature of

contempt. I solemnly promise that I will not disclose in any manner any information

or item that is subject to this Stipulated Protective Order to any person or entity except

in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Central District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this

action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective

Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

14